IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RAYMOND MORRIS, LESLIE GAHMAN and KODY HALFHIDE individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>3D'S TRANSPORTATION, INC. and DARREN E. FULCHER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COLLECTIVE ACTION COMPLAINT

### I.    INTRODUCTION

1. This is a collective action for unpaid overtime under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* Defendants, 3D's Transportation, Inc. ("3D's") and Darren E. Fulcher ("Fulcher"), had contracted with FedEx Corporation ("FedEx") to deliver packages and other items in Kansas. To provide these services, Defendants employed vehicle drivers, including Plaintiffs Raymond Morris, Leslie Gahman, and Kody Halfhide. Plaintiffs and the other vehicle drivers drove vehicles weighing 10,000 pounds or less.

2. Although Plaintiffs and the other vehicle drivers routinely worked over 40 hours in a workweek, Defendants did not pay them one-and-a-half times their regular rate of pay for all their overtime hours worked. Plaintiffs and the putative class members, however, were not exempt from the Fair Labor Standards Act's overtime pay requirements. Plaintiffs bring suit individually

1

and on behalf of all other similarly situated armored vehicle drivers, employed by Defendants in Kansas, to recover unpaid overtime, liquidated damages, attorney fees and expenses, and any other relief the Court deems just and proper.

## II.     PARTIES, JURISDICTION, AND VENUE

3.     Plaintiff Raymond Morris is a citizen of Saline County, Kansas.  Morris worked for Defendants as a delivery vehicle driver from approximately February 2024 until June 2025.  Morris has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation for all his overtime hours.  His consent to join this action is attached as Exhibit "A."

4.     Plaintiff Leslie Gahman is a citizen of Saline County, Kansas.  Gahman worked for Defendants as a delivery vehicle driver from approximately February 2024 until June 2025.  Gahman has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation for all his overtime hours.  His consent to join this action is attached as Exhibit "B."

5.     Plaintiff Kody Halfhide is a citizen of Cloud County, Kansas.  Halfhide worked for Defendants as a delivery vehicle driver, from approximately February 2024 until May 2025.  Halfhide has worked more than 40 hours in one or more workweeks, and he was not paid overtime compensation for all his overtime hours.  His consent to join this action is attached as Exhibit "C."

6.     Defendant 3D's Transportation, Inc. is a Missouri Corporation registered as a For Profit Foreign Corporation in Kansas.  The full nature and character of business to be conducted in Kansas is as a transportation service, package and delivery on behalf of FedEx Ground.  3D's can be served through its registered agent: Kansas Registered Agent, LLC, 4601 E. Douglas, Suite 150, Wichita, KS 67218.

7. Defendant Fulcher was the principal owner of 3D's during the time the company failed to pay overtime. Defendant Fulcher can be served at 12223 Avila Drive, Kansas City, MO 64145.

8. At all relevant times, Plaintiffs and the other delivery vehicle drivers have been entitled to the rights, protections, and benefits of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

9. At all relevant times, Plaintiffs and the other delivery vehicle drivers, were "employees" of Defendants. 29 U.S.C. § 203(e).

10. At all relevant times, Defendants were an "employer" of Plaintiffs and the other delivery vehicle drivers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d).

11. Jurisdiction of this action is conferred on the Court by 29 U.S.C. §§ 216(b), 217; and 28 U.S.C. § 1331.

12. Venue lies within this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred within this district. Specifically, throughout the relevant period, Raymond Morris, Leslie Gahman, Kody Halfhide, and other similarly situated delivery vehicle drivers regularly worked for Defendants in this district, and Defendants operated an office and terminal in this district at 3660 Scanlan Avenue, Salina, Kansas.

### III. FACTS

13. Defendant 3D's Transportation, LLC ("3D's") is an employer covered by the FLSA. At all pertinent times, 3D's has been engaged in activities and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, receiving,

selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and therefore constitute an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203 (r)-(s).

14. As an employer, Defendant Darren E. Fulcher is responsible for proper payment of wages under the FLSA.

15. At all pertinent times, 3D's has had an annual gross volume of sales made or business done of at least $500,000.00, and therefore, constitutes an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 203 (r)-(s).

16. 3D's was, at all relevant times, an "employer" of Plaintiffs and the other delivery vehicle drivers. 29 U.S.C. § 203(d).

17. Plaintiffs and the other delivery vehicle drivers were, at all relevant times, "employees" of 3D's. 29 U.S.C. § 203(d).

18. 3D's is a Missouri corporation registered in Kansas as a Foreign For-Profit corporation, business identification number 2160266.

19. To provide these delivery driver services, 3D's employs delivery vehicle drivers, including Plaintiffs Raymond Morris, Leslie Gaham, and Kody Halfhide.

20. Raymond Morris was employed by 3D's as a delivery vehicle driver from approximately February 2024 until June 2025.

21. Leslie Gahman was employed by 3D's as a delivery vehicle driver from approximately February 2024 until June 2025.

22.    Kody Halfhide was employed by 3D's as a delivery vehicle driver from approximately February 2024 until May 2025.

23.    Plaintiffs and the putative class members' work was defined in whole or in part as that of a delivery vehicle driver.

24.    Plaintiffs and the other delivery vehicle drivers' work for 3DS in whole or in part affected the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce.

25.    For example, Plaintiffs and the putative class members regularly drove or worked on 3D's delivery vehicles that weighed 10,000 pounds or less.

26.    3D's paid Plaintiffs and the putative class members a day wage for their work.

27.    Plaintiffs and the putative class members routinely worked over 40 hours in a workweek.

28.    Although Plaintiffs and the putative class members routinely worked over 40 hours in a workweek, 3D's did not pay them one-and-a-half times their regular rate of pay for all their overtime hours worked.

29.    3D's willfully violated the FLSA when it did not pay Plaintiffs and the putative class members overtime compensation.

### IV.    COLLECTIVE ACTION ALLEGATIONS

30.    Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

31. Plaintiffs bring this action as a collective action pursuant to Section 16(b) of the Fair Labor Standards Act on behalf of all persons who were, are, or will be employed by 3D's as delivery vehicle drivers in Kansas within the past three years. 29 U.S.C. § 216(b).

32. Plaintiffs reserve the right to modify or amend the proposed class definition subject to additional information gained through further investigation and discovery.

33. Plaintiffs' claim for violations of the FLSA may be brought and maintained as an "opt-in" collective action because putative class members are similarly situated to them.

34. There are numerous similarly situated employees who worked for 3D's in Kansas who would benefit from the issuance of Court-supervised notice of the instant lawsuit and the opportunity to join in the present lawsuit. Similarly situated employees are known to 3D's and readily identifiable through the payroll records 3D's is required to keep by law. 29 U.S.C. § 211(c).

35. There are questions of law and fact common to Plaintiffs and others similarly situated, which predominate over any questions affecting individual members only. These factual and legal questions include, but are not limited to:

   a. Which individuals and entities are considered "employers" of Plaintiffs and putative class members under the FLSA;

   b. Whether 3D's satisfied its obligation to pay Plaintiffs and others similarly situated the minimum wage and overtime payments required by the FLSA;

   c. Whether Plaintiffs and the putative class members are exempt under the Motor Carrier Act;

   d. Whether 3D's actions were willful;

   e. Whether 3D's complied with its recordkeeping obligations under the FLSA;

    f.   Whether Plaintiffs and putative class members are entitled to liquidated damages;

    g.   Whether Plaintiffs and putative class members are entitled to attorney fees, costs and expenses.

36.    3D's acted and refused to act on grounds generally applicable to Plaintiffs and other similarly situated.

37.    Plaintiffs' claims are typical of the claims of the putative class in that Plaintiffs and other similarly situated were denied overtime and minimum wage because of 3D's policies and practices. This is the predominant issue that pertains to the claims of Plaintiffs and the members of the putative class.

38.    Plaintiffs' FLSA damages, and those of all putative collective action members, should be able to be calculated mechanically based on records 3D's is required to keep. 29 C.F.R. § 513.28. If 3D's failed to keep records as required by law, Plaintiffs and the class members will be entitled to damages based on the best available evidence, even if it is only estimates. *See Anderson v. Mt. Clemens*, 328 U.S. 680, 687 (1946). 3D's cannot benefit from its failure, if any, to maintain records required by law.

39.    The collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy.

40.    Plaintiffs will fairly and adequately protect the interests of the putative class, as their interests are in complete alignment with others similarly situated, i.e., to prove and then eradicate 3D's illegal practice of not paying delivery vehicle drivers overtime compensation.

41. Plaintiffs' counsel is experienced with class/collective litigation, has previously served as class counsel in FLSA litigation, and will adequately protect the interests of Plaintiffs and others similarly situated.

42. Plaintiffs and the proposed class they seek to represent have suffered, and will continue to suffer, irreparable damage from the illegal policy, practice, and custom regarding 3D's pay practices.

43. 3D's has engaged in a continuing violation of the FLSA.

44. Plaintiffs and all others similarly situated were denied overtime because of 3D's illegal practices. These violations were intentional and willfully committed.

## V. CLAIM I:
## FLSA: FAILURE TO PAY OVERTIME

45. Plaintiffs incorporate by reference the preceding paragraphs as if they were fully set forth herein.

46. The FLSA requires employers to pay non-exempt employees one and one-half times their regular rate of pay for all hours worked over forty (40) in a workweek. 29 U.S.C. § 207(a)(1).

47. Plaintiffs and all others similarly situated were not exempt from the overtime provisions of the FLSA.

48. Plaintiffs and all others similarly situated regularly worked more than forty hours per workweek without receiving overtime compensation for each hour over forty (40) they worked in a given workweek.

49. 3D's and Fulcher violated the FLSA by not paying Plaintiffs and all others similarly situated overtime compensation for all hours worked in excess of forty (40) each workweek. 29 U.S.C. § 207(a)(1).

50. 3D's and Fulcher knew or should have known that Plaintiffs and all others similarly situated were entitled to overtime pay, and knowingly and willfully violated the FLSA by not paying Plaintiffs and all others similarly situated overtime compensation. Therefore, these violations of the FLSA were knowing and willful within the meaning of 29 U.S.C. § 201 *et seq*.

51. 3D's and Fulcher has neither acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA. As a result, Plaintiffs and all others similarly situated are entitled to recover an award of liquidated damages in an amount equal to their unpaid wages. *See* 29 U.S.C. § 216(b). Alternatively, should the Court find 3D's and Fulcher acted in good faith in failing to pay Plaintiffs and all others similarly situated their overtime wages, Plaintiffs and all others similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

52. Because of 3D's and Fulcher's violations of law, Plaintiffs and all others similarly situated are entitled to recover from 3DS attorneys' fees, litigation expenses and court costs pursuant to 29 U.S.C. § 216(b), and such other legal and equitable relief as the Court deems just and proper.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request this Court:

a. Enter an order certifying Plaintiffs' claims brought under the Fair Labor Standards Act for treatment as a collective action;

b. Designate Plaintiffs as Class Representatives;

c. Appoint Grissom Miller Law Firm, LLC as class counsel;

d. Enter a declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act;

e. Enter a permanent injunction restraining and preventing 3D's from withholding the compensation that is due to its employees, from retaliating against any of them for taking part in this action, and from further violating their rights under the Fair Labor Standards Act;

f. Enter an order for complete and accurate accounting of all the compensation to which Plaintiffs and all other similarly situated employees are entitled;

g. Award Plaintiffs and all others similarly situated compensatory damages in an amount equal to the unpaid back wages at the applicable overtime rates from three (3) years prior to this lawsuit through the date of trial;

h. Award Plaintiffs and all others similarly situated liquidated damages in an amount equal to their compensatory damages;

i. Award Plaintiffs and all others similarly situated punitive damages;

j. Award Plaintiffs and all others similarly situated all recoverable costs, expenses, and attorneys' fees incurred in prosecuting this action and all claims, together with all applicable interest; and

k. Grant Plaintiffs and all others similarly situated all such further relief as the Court deems just and appropriate.

## VII. JURY DEMAND

Plaintiff demands a jury trial on all issues so triable in Kansas City, Kansas.

Respectfully submitted,

**GRISSOM MILLER LAW FIRM, LLC**

<u>/s/ Barry R. Grissom</u>
Barry R. Grissom, #10866
Conner Mitchell, D. Kan #79215
Jake Miller, #28337
1600 Genessee Street, Ste. 460
Kansas City, MO 64102
T – 816-336-1213
F – 816-384-1623
barry@grissommiller.com
cam@grissommiller.com
jake@grissommiller.com

*Attorneys for Plaintiffs and all others similarly situated*